UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY LEE LAUDERDALE,

        Petitioner,           Case No. 1:07-cv-517

v.                              Honorable Wendell A. Miles

CARMEN D. PALMER,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.       Factual Allegations

Petitioner is incarcerated in the Deerfield Correctional Facility. He pleaded guilty in the Kent County Circuit Court of possession with intent to deliver or manufacture less than fifty grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv). On November 2, 2005, the trial court sentenced him as a fourth habitual offender to imprisonment of three years and ten months to twenty years. Petitioner subsequently filed a motion to withdraw his guilty plea and requested a *Ginther*[1] hearing. The trial court denied Petitioner's motion on April 28, 2006. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on July 12, 2006. On November 29, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. The United States Supreme Court also denied his petition for writ of certiorari on April 16, 2007.

Petitioner raises the following five grounds for habeas corpus relief: (1) Petitioner was denied the effective assistance of trial counsel when he did not fully understand the nature of the charges and involuntarily pled guilty; (2) Petitioner's conviction was obtained from an unlawful search and seizure; (3) Petitioner's conviction was the result of an arrest without probable cause; (4) Petitioner's conviction was obtained by the failure of the prosecution to disclose evidence favorable to the defense; and (5) Petitioner was denied the effective assistance of counsel[2]. (Pet. at 7-8; docket #1.) Although Petitioner raised his first ground for habeas corpus relief in the Michigan appellate courts, he only raised his fourth ground for habeas corpus relief in the Michigan Supreme

---

[1] *See People v. Ginther,* 212 N.W.2d 922 (Mich. 1973).

[2] Petitioner did not elaborate on this claim for ineffective assistance of counsel in his fifth ground for habeas corpus relief besides stating "[a]ppeal in its entirety." (Pet. at 8; docket #1.)

Court. Further, he never raised his second, third and fifth grounds for habeas corpus relief in the Michigan appellate courts.

## II.  Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner cannot meet his burden because he only presented his first ground of habeas corpus relief at all levels of the Michigan appellate courts. As stated above, Petitioner only presented his fourth ground for habeas corpus relief to the Michigan Supreme Court. It is insufficient to raise a claim for the first time in the

Michigan Supreme Court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that the presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation"). Petitioner also failed to raise his second, third and fifth grounds for habeas corpus relief in the Michigan appellate courts. Therefore, Petitioner's second, third, fourth and fifth grounds for habeas corpus relief are unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals, Michigan Supreme Court, and the United States Supreme Court. The United States Supreme Court denied his petition for writ of certiorari on April 16, 2007. Accordingly, Petitioner has one year, until April 17, 2008, in which to file his habeas petition. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)(under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that

when the dismissal of a mixed petition[3] could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[4] The instant case is a mixed petition because Petitioner has one exhausted claim. Petitioner, however, has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state-court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

---

[3] A "mixed petition" is a petition containing both exhausted and unexhausted claims.

[4] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated:  <u>September 11, 2007</u>                                    /s/ Wendell A. Miles
                                                                               Wendell A. Miles
                                                                               Senior United States District Judge